FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

MAY 1 8 2010

**IN THE UNITED STATES DISTRICT COURT**
JAMES N. HATTEN, Clerk
**FOR THE NORTHERN DISTRICT OF GEORGIA** *Sewell*   Deputy Clerk
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GEORGE C. HUDSON, | : | |
| BOP REG NO. 82833-020, | : | FEDERAL TORT CLAIMS ACT |
|     Plaintiff, | : | 28 U.S.C. § 1346; 28 U.S.C. |
| | : | §§ 2671-2680 |
|     v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF | : | 1:10-CV-1113-TWT |
| AMERICA; LOREN A. | : | |
| GRAYER; D. WILLIAMS- | : | |
| HUBBLE; J.L. SMITH; and | : | |
| GRAY STONE, | : | |
|     Defendants. | : | |

## ORDER AND OPINION

Plaintiff, a federal prisoner currently confined at the United States Penitentiary in Atlanta ("USP-Atlanta"), has filed this *pro se* civil action pursuant to the Federal Tort Claims Act ("FTCA"). The matter is before this Court for a 28 U.S.C. § 1915A frivolity determination.

## I.     The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either:

(1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

The FTCA provides that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Before bringing any action under the FTCA, a claimant must first present "the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Except for a narrow set of circumstances, an "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b).

## II.    Discussion

### A.    Plaintiff's Allegations

According to Plaintiff, on or about June 12, 2008, he was informed that he had passed the Georgia Education Development ("GED") high school equivalency exam. (Doc. 1 at 2.) However, Plaintiff has not yet received his certificate. (*Id.*)

On October 10, 2009, Plaintiff submitted a "Remedy Request" to Defendant Loren A. Grayer, the Warden at USP-Atlanta. (*Id.*; Doc. 1, attached October 29,

2

2008, response of Defendant Grayer.)  On October 29, 2008, Defendant Grayer responded that several inmates had not received their certificates for passing the GED, and that an inquiry was being conducted. (Doc. 1, attached October 29, 2008, response of Defendant Grayer.)  Defendant Grayer also informed Plaintiff that the certificates are issued by the Georgia Department of Education, and that Bureau of Prisons does not the make the certificates.  (*Id.*)  On April 7, 2009, Plaintiff appealed Defendant Grayer's response to the Department of Justice. (Doc. 1, attached April 7, 2009, appeal.)  That appeal was transferred to the Bureau of Prisons Southeast Regional Office, and on October 13, 2009, Plaintiff's appeal was denied. (Doc. 1, attached October 13, 2009, response from Craig S. Simmons, Deputy Regional Counsel.)  In addition to the reasons Defendant Grayer gave, the response to Plaintiff's appeal states that he failed to report to USP-Atlanta's Education Department to complete paperwork required by the Georgia Department of Education.  (*Id.*)  Because Plaintiff did not complete that paperwork, the Georgia Department of Education did not have sufficient information to verify that Plaintiff had passed the GED test, and the $8.00 he paid for the certificate was returned to him.  (*Id.*)  On October 29, 2009, Plaintiff renewed his efforts to obtain the certificate by filing a "Request to Staff Member."

3

(Doc. 1, attached January 6, 2010, response from Defendant Grayer.)  On January 6, 2010, Plaintiff's latest request was denied.  (*Id.*)

Plaintiff seeks $1.00 in nominal damages. (Doc. 1 at 1.) Depending on how "$10.000" should be interpreted, Plaintiff also seeks punitive damages in the amount of $10.00 or $10,000.00.  (*Id.*)

**B.   Analysis**

The complaint does not clearly show that Plaintiff exhausted his available administrative remedies.  However, this Court is permitted to dismiss a complaint on the merits without first requiring a prisoner to exhaust his available remedies. *See* 42 U.S.C. § 1997e(c)(2).

In order to state a claim under the FTCA, Plaintiff must allege facts which, if proven, show that a federal official committed a tort as defined by state law. *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001).  Since the events giving rise to Plaintiff's civil action occurred in Georgia, Georgia tort law governs analysis of this complaint. *See* 28 U.S.C. § 1346(b)(1); *Ochran*, 273 F.3d at 1317. In Georgia, "[t]he four elements to any tort action are a duty, a breach of that duty, causation and damages." *McKenna Long & Aldridge, LLP v. Keller*, 598 S.E.2d 892, 894 (Ga. Ct. App. 2004).

4

Plaintiff does not dispute the statements of Defendant Grayer or the Bureau of Prisons Southeast Regional Office's Deputy Regional Counsel which indicate that prison officials attempted to obtain the GED certificates for Plaintiff and other inmates, and Plaintiff failed to complete paperwork needed by the Georgia Department of Education to demonstrate that he passed the GED test. Thus, even if Defendants had a duty to assist Plaintiff in obtaining his GED certificate, he has not alleged a breach of that duty, or that Defendants caused Plaintiff not to receive his certificate. Consequently, this action should be summarily dismissed.

## III.   Conclusion

**IT IS ORDERED** that this *pro se* civil complaint [1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action *in forma pauperis*.

**IT IS SO ORDERED**, this _18_ day of ___May___, 2010.

_Thomas W. Thrash_

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)